# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Spencer Utsey,                           )<br>                                          )<br>                      Petitioner,        )<br>                                          )<br>v.                                        )<br>                                          )<br>Michael McCall, Warden of Lee            )<br>Correctional Institution                 )<br>                                          )<br>                      Respondent.       )<br>_____)  | Civil Action No. 8:13-cv-01433-JMC<br><br>**ORDER AND OPINION** |

Petitioner Spencer Utsey ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging the court is construing Article III of the United States Constitution incorrectly, the law is being violated, "Article III is not the same as Article I and II" of the Constitution, and "Article III meaning." (ECF No. 1.) This matter is before the court on Respondent Michael McCall, Warden of Lee Correctional Institution's ("Respondent") Motion for Summary Judgment (ECF No. 35).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On April 18, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 41.) This review considers Petitioner's Return and Objection to Magistrate's Report and Recommendation ("Objections"), filed April 28, 2014. (ECF No. 43.) For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 35) and **DENIES** the Petition (ECF No. 1).

1

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to the Petitioner are discussed in the Report. (*See* ECF No. 41.) The court concludes, upon its own careful review of the record, that the magistrate judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at Lee Correctional Institution within the South Carolina Department of Corrections. (ECF No. 1 at 1.) Petitioner was found guilty after a June 15, 1999, jury trial on a charge of armed robbery and was sentenced to 30 years in prison. (ECF No. 41 at 2.) Petitioner filed a direct appeal on September 7, 2000. (*Id.*) The South Carolina Court of Appeals affirmed the conviction on November 20, 2000. (*Id.*) Petitioner filed a petition for a rehearing on December 5, 2000, which was denied on January 30, 2001. (*Id.*) Petitioner filed a petition for writ of certiorari to the South Carolina Supreme Court on April 2, 2001. (*Id.* at 3.) The Supreme Court denied the petition on June 21, 2001, and issued the remittitur the next day. (*Id.*) Petitioner filed a *pro se* application for Post Conviction Relief ("PCR") on April 9, 2002. (*Id.*) After an evidentiary hearing on January 9, 2003, the PCR court filed an order of dismissal on March 3, 2003. (*Id.* at 10.) Petitioner did not appeal the dismissal. (*Id.*) Petitioner filed three more PCR applications—on April 18, 2008, December 6, 2011, and November 19, 2012— each of which was denied as being untimely for having been filed past the statute of limitations. (ECF No. 34-25 at 1, 34-31 at 12, 34-51 at 4.)

Petitioner filed the Petition on May 23, 2013.[1] (ECF No. 1.) Petitioner raised four grounds for relief: (1) The court is construing Article III incorrectly (asserting the state court is

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for delivery to the court. *See Houston v. Lack,* 487 U.S. 266, 270 (1988). The envelope containing the Petition was stamped as received in the Lee Correctional Institution mail room on May 23, 2013. (ECF No. 1-4 at 2.)

incorrectly citing to Article III regarding subject matter jurisdiction), (2) the law is being violated (asserting that "Judge Early III is signing off on my PCR final/conditional orders to post conviction relief application and this is unlawful"), (3) Article III is not the same as Article I and II (asserting a misinterpretation by the courts of federal court jurisdiction), and (4) "Article III meaning" (asserting further jurisdictional misinterpretations). (*Id.* at 5-6, 8-9.)  On July 22, 2013, Petitioner filed a supplement to his Petition, purporting to have newly discovered evidence regarding subject matter jurisdiction of the trial court. (ECF No. 27.)  On September 23, 2013, Respondent filed a Motion for Summary Judgment. (ECF No. 35.)  On September 25, 2013, the magistrate judge issued a *Roseboro* Order[2] advising Petitioner of the importance of the motion and his need to file an adequate response. (ECF No. 37.)  Petitioner filed a Response in Opposition to the motion on October 4, 2013. (ECF No. 39.)  The magistrate judge issued the Report on April 18, 2014, recommending the court grant the Motion for Summary Judgment and deny the Petition. (ECF No. 41.)

The magistrate judge found that the Petition was untimely, having been filed past the one year statute of limitations, and was not entitled to equitable tolling to extend the statute's timeline. (*Id.* at 29.)  The magistrate judge noted that the South Carolina Supreme Court issued the remittitur on Petitioner's direct appeal on June 22, 2001. (*Id.* at 30.)  This meant that Petitioner had one year from September 20, 2001, 90 days after the remittitur was issued and the point at which the time for review of the decision had passed, making the judgment final. (*Id.*) Petitioner filed his first PCR appeal on April 9, 2002, which stopped the clock on the statute of limitations at 201 days. (*Id.*)  Petitioner's time to seek review on the dismissal of the PCR

---

[2] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

application ended on April 2, 2003, restarting the clock on the remaining 164 days. (*Id.*) Alternatively, the magistrate judge noted, the record indicates that Petitioner's PCR counsel was not served with the order of dismissal for Petitioner's first PCR application until January 10, 2006. (*Id.* at 31, n.8) As such, Petitioner's statute of limitations expired on either September 15, 2003, or July 24, 2006.[3] (*Id.* at 31.) Petitioner filed his Petition in 2013, at most more than nine years past the limitations period, and at best nearly seven years past the limitations period, and therefore, the magistrate judge noted, the Petition is time barred. (*Id.*) A habeas petitioner is entitled to equitable tolling to extend the limitations period only if he can show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." (*Id.* at 32, citing *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003).) The magistrate judge found that Petitioner has failed to demonstrate any facts showing extraordinary circumstances beyond his control that prevented him from filing on time, and thus, he is ineligible for equitable tolling. (*Id.* at 34.)

Petitioner timely filed his Objections to the Report on April 28, 2014. (ECF No. 43.)

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423

---

[3] As the magistrate judge noted, "Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, 'but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.' Because the one-year limitations period expired on Saturday, September 13, 2003, the limitations period expired on Monday, September 15, 2003." As July 23, 2006, 164 days from February 9, 2006, fell on a Sunday, the limitations period ran out on July 24, 2006.

U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

**ANALYSIS**

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  In his Objections, Petitioner, among many assertions, makes unsubstantiated claims that his mail has been tampered with, that the courts have failed to respond to his filings

for years, and that the record has been altered to prevent him from filing within the statute of limitations. (ECF No. 43 at 1-2.) He fails, however, to present any reason why the magistrate judge erred in her recommendation, or to present any facts that excuse filing his Petition beyond the statute of limitations. Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.

The court does not find clear error and accepts the Report by the magistrate judge. The magistrate judge calculated the expiration of Petitioner's limitations period from two possible points, allowing from the more generous starting point nearly three additional years in which Petitioner could have timely filed his Petition. Still, Petitioner was nearly seven years beyond that deadline in filing his Petition. In the "Timeliness of Petition" section of his Petition, Petitioner writes "my PCR was ruled on [in] 2012 or 13," seeming to imply that his Petition was timely filed. (ECF No. 1 at 13.) However, as the magistrate judge noted, Petitioner's second (filed in 2008), third (filed in 2011), and fourth (filed in 2012) PCR applications were dismissed as untimely. (*See* ECF No. 34-25 at 1, 34-31 at 12, 34-51 at 4.) The limitations period is tolled during the time a "*properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). However, a PCR application is not "properly filed" if the application is untimely under state law. *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005). Petitioner fails to present facts showing his PCR applications were, in fact, timely filed. Additionally, Petitioner does not present facts showing extraordinary circumstances outside of his control that would excuse the untimeliness of his filings. As such, his Petition is time barred.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the magistrate judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the magistrate judge (ECF No. 41). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 35) is **GRANTED** and this Petition (ECF No. 1) is **DENIED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 24, 2014
Columbia, South Carolina