**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Spencer Utsey, | ) | |
| | ) | Civil Action No.: 8:13-cv-01433-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Michael McCall, Warden, Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Spencer Utsey's ("Petitioner") motion challenging this court's jurisdiction over his previously filed, and subsequently denied, *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 59.) Though it is not entirely clear from the pleading, it appears to this court that Petitioner asserts that his conviction for armed robbery pursuant to S.C. Code § 16-11-330 (2016) is unconstitutional because the penalty prescribed by the statute fails to conform to requirements that sentences for certain convictions can be satisfied if the defendant serves eighty-five percent of his sentence. In section 16-11-330, the sentence of imprisonment required by the statute is at least ten years. S.C. Code § 16-11-330(A). The statute further indicates that "a person convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence." S.C. Code § 16-11-330(A). Petitioner seems to assert that the statute's failure to include a discussion of the eighty-five percent service requirement deprived the courts of any jurisdiction over his armed robbery charge.

As a threshold matter, S.C. Code § 24-13-150 (2016) prescribes a prisoner's eligibility for early release. In general, a prisoner convicted of a "no parole offense" is not eligible for any form

1

of parole until he has served at least eighty-five percent of the sentence imposed. S.C. Code § 24-13-150(A). A "no parole offense" is defined as a class A, B, or C felony punishable by a maximum term of imprisonment of twenty years or more. S.C. Code § 24-13-100 (2016). Petitioner was convicted of armed robbery pursuant to S.C. Code § 16-11-330(A), which is classified as a Class A felony. S.C. Code § 16-1-90(A). Thus, Petitioner was convicted of a "no parole offense," which requires him to serve eighty-five percent of the term of imprisonment imposed.

It appears to this court that Petitioner believes S.C. Code § 16-11-330(A) is unconstitutional because it does not mention that a person convicted under the statute is eligible for parole after completing eighty-five percent of his sentence. However, statutory schemes are read as a whole, and not as isolated provisions. *Higgins v. State*, 415 S.E.2d 799 (S.C. 1992). Thus, provisions regarding crime and punishment can be construed together with statutory provisions regarding service of the sentence imposed. Further, South Carolina courts have held that parole is a privilege, not a right. *James v. South Carolina Dept. of Prob., Parole and Pardon Serv.*, 656 S.E.2d 399, 402 (S.C. Ct. App. 2008). Accordingly, persons convicted under S.C. Code § 16-11-330(A) might be eligible for parole after serving eighty-five percent of the sentence imposed, but are not guaranteed parole as a right.

Additionally, it appears to this court that Petitioner challenges the jurisdiction of the South Carolina circuit court in which he was convicted. In general, circuit courts have subject matter jurisdiction over criminal matters in which the appropriate charges are filed. *State v. Crocker*, 612 S.E.2d 890, 894 (S.C. Ct. App. 2005). Further, personal jurisdiction in a criminal case "lies in the state or county where the crime was committed." *Id.* Both types of jurisdiction are required in order for a conviction to be valid. *Id.* It is not clear to this court how the Petitioner contends that the South Carolina circuit court did not have jurisdiction, but this court finds that he was convicted

under a statute that is still valid and current. At any rate, this court only has jurisdiction to review state convictions when the appropriate petition for writ of habeas corpus is filed after a prisoner has exhausted his remedies in state court. Petitioner's habeas petition (ECF No. 1) was previously denied in this court because it was time barred. (*See* ECF No. 45.) Thus, to the extent Petitioner believes that he has a valid claim regarding lack of jurisdiction, Petitioner's only remedy is to seek permission from the appropriate state court to file another petition for post-conviction relief, and then exhaust his state court remedies.[1] Accordingly, Petitioner's motion challenging this court's jurisdiction (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 30, 2016
Columbia, South Carolina

---

[1] This order is not to be construed as an evaluation of the success of any claims for relief Petitioner might pursue in state court.

3